JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

August Roth
2015 Pacific Avenue
San Francisco, CA 94109

(b) County of Residence of First Listed Plaintiff San Francisco, CA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Louis E. Bricklin, Esquire/Samantha D. Gioffre, Esquire
Bennett, Bricklin & Saltzburg LLC
1601 Market St., 16th Fl., Phila., PA 19103; 215-561-4300

## DEFENDANTS

American Shipping ASA
Fjordalleen 16 P.O.Box 1423
Vika, 0250, Oslo, Norway

County of Residence of First Listed Defendant Oslo, Norway
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☒ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
28 USC §1332

Brief description of cause:
Defendant's failure to permit plaintiff to participate in stock offering

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*: This matter is related to Roth v.Aker Philadelphia Shipyard Company being filed simultaneously

JUDGE ____________ DOCKET NUMBER ____________

DATE 10/3/2014

SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

# CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| August Roth | : | CIVIL ACTION |
| v. | : | |
| American Shipping ASA | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( X )

| 10/3/14 | [signature] | August Roth |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-665-3400 | 215 -561-6661 | bricklin@bbs-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 2015 Pacific Avenue, San Francisco, CA 94109

Address of Defendant: Fjordalleen 16 P.O. Box 1423, Vika, 0250 Oslo, Norway

Place of Accident, Incident or Transaction: Oslo, Norway

(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) YesX No☐

Does this case involve multidistrict litigation possibilities? Yes☐ NoX

*RELATED CASE, IF ANY*: This matter is related to **Roth v. Aker Philadelphia Shipyard Company being filed simultaneously**

Case Number: ______ Judge ______ Date Terminated: ______

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes☐ NoX
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? YesX No☐
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes☐ NoX
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes☐ NoX

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) ______

B. *Diversity Jurisdiction Cases*:

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. X All other Diversity Cases
    (Please specify) Shareholder's Action

## ARBITRATION CERTIFICATION

(*Check Appropriate Category*)

I, Louis E. Bricklin, counsel of record do hereby certify:

X Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

**DATE:** **10/3/14** [signature] Attorney-at-Law **20281** Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

**DATE:** ______ ______ Attorney-at-Law ______ Attorney I.D.#

CIV. 609 (5/2012)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| AUGUST ROTH | : | |
| | : | **CIVIL ACTION** |
| vs. | : | |
| | : | **NO.** |
| AMERICAN SHIPPING, ASA | : | |
| | : | |

## COMPLAINT

Plaintiff August Roth ("Roth"), by its attorneys, Kleinberg, Kaplan, Wolff & Cohen, P.C., as and for its complaint against defendant American Shipping Company ASA ("American Shipping" or "Defendant"), alleges as follows:

### Nature of the Action

1. This action arises from Defendant's wrongful refusal to permit Roth—the fifth largest shareholder of American Shipping, having already invested approximately $5,000,000 in the company—to participate in the Private Placement and Rights Offering of American Shipping's shares, which closed in January 2014 (the "American Shipping Offering"), subject to the terms and conditions of an American Shipping Company ASA Prospectus dated January 3, 2014 (the "American Shipping Prospectus").

2. Defendant's wrongful discrimination violated a host of Norwegian securities laws designed to afford equal protection to all shareholders in Norwegian corporations, and particularly those traded on the Oslo Stock Exchange, and as a result caused substantial dilution of Roth's shareholdings and a resulting diminution of value in excess of $750,000. In this action, Roth seeks

a monetary judgment against American Shipping, in an amount reflecting all compensatory and consequential damages incurred as the result of Defendant's misconduct.

## The Parties

3. Plaintiff August Roth, a private investor and former hedge fund manager, is an individual residing at 2015 Pacific Avenue, San Francisco, California, 94109.

4. Upon information and belief, and according to the American Shipping Prospectus, defendant American Shipping was incorporated on May 20, 2005 as a public limited liability company under the Norwegian Public Limited Liability Companies Act. American Shipping is listed on the Oslo Stock Exchange and headquartered at Fjordalleen 16 P.O. Box 1423, Vika, 0250 Oslo, Norway, and has a principal place of business in Oslo, Norway. Upon information and belief, American Shipping's vessels operate in the protected U.S. domestic Jones Act trade with a focus on owning and chartering shipping vessels for operation in the U.S. Jones Act market.

## Jurisdiction and Venue

5. Diversity jurisdiction is proper under 28 U.S.C. §1332 because (i) the matter in controversy exceeds the sum or value of $75,000; (ii) Plaintiff Roth is a citizen of California; and (iii) Defendant American Shipping is a citizen of Norway with its principal place of business in Norway.

6. American Shipping's business activities qualify under Pennsylvania's long-arm statute, 42 Pa. Consol. Stat. Ann. §5322, which allows for personal jurisdiction "based on the most

minimum contact with this Commonwealth allowed under the Constitution of the United States," because American Shipping, upon information and belief is, among other things, (i) conducting acts for the purpose of realizing pecuniary benefit in Pennsylvania; (ii) shipping merchandise directly or indirectly into or through Pennsylvania; (iii) engaging in business within Pennsylvania; (iv) owning, using, and/or having an interest in real property situated in Pennsylvania; (v) contracting to supply services or things in Pennsylvania; and (vi) upon information and belief, taking advantage of the protected U.S. domestic Jones Act trade.

7. Venue is proper in this district pursuant to 28 U.S.C. §1391 because American Shipping is deemed to reside in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391(c)(2) and venue is proper pursuant to 28 U.S.C. §1391(b)(1), which provides that a civil action may be brought in any judicial district in which any defendant resides.

## **Relevant Facts**

### **A. The Denial of Roth's Right to Participate in the American Shipping Offering**

2. On or about January 3, 2014, American Shipping announced the American Shipping Offering, pursuant to which:

a. 24.5 million shares of American Shipping were to be listed on the Oslo Bors Exchange, each with a par value of 10.00 Norwegian Krones ("NOK") and each already issued in a private placement;

b. 5,975,492 additional shares of American Shipping were to be listed on

the Oslo Bors Exchange, each with a par value of NOK 10.00 and already issued pursuant to a conversion of American Shipping's outstanding debt under a subordinated loan agreement; and

c. 3.675 million new shares of American Shipping were to be listed in a subsequent offering, each with a par value of NOK 10.00.

3. Roth owned approximately 770,000 shares of American Shipping on or about January 3, 2014, as a result of purchases beginning on April 9, 2013 and continuing through January of 2014.

4. Roth's shares at the time constituted 2.8% of American Shipping's fully-diluted share count and made him American Shipping's fifth largest shareholder.

5. On January 8, 2014, Roth was advised by American Shipping's Chief Executive Officer, Dag Wittusen, that in light of Roth's status as an accredited investor he would be permitted to participate in the American Shipping Offering subject to the terms of the American Shipping Prospectus.

6. However, shortly before the subscription period ended on or about January 13, 2014, Roth was further advised that the Board of Directors had determined not to permit any United States investors who were not Qualified Institutional Buyers ("QIBs"), including Roth, to participate in the American Shipping Offering.

7. American Shipping failed to disclose publicly any purported justification for the

waiver of Roth's pre-emption rights in a stock exchange announcement issued in connection with the increase in share capital.

**A. American Shipping's Violation of Norwegian Law**

8. Section 5-14 of the Norwegian Securities Trading Act (the "NSTA") mandates that "[i]ssuers of financial instruments admitted to trading on a Norwegian regulated market shall treat the holders of their financial instruments on a non-discriminatory basis," and that they "must not take measures that are liable to provide them, individual holders of financial instruments or third parties with any unreasonable advantage at the expense of other holders or the issuer."

9. American Shipping's refusal to allow Roth to participate in the American Shipping Offering, while simultaneously allowing Norwegian shareholders to participate, is patently discriminatory and in clear violation of §5-14 of the NSTA.

10. Section 4-1 of the Norwegian Public Limited Liability Companies Act (the "NPLLCA") mandates that, with respect to shareholders' rights in a Norwegian corporation, "[a]ll shares carry equal rights in the company" in the absence of differences spelled out clearly in a corporation's articles of association.

11. American Shipping's refusal to allow Roth to participate in the American Shipping Offering was a *de facto* assertion that Roth's shares carried fewer—indeed unequal—rights in American Shipping, and as such is a clear violation of §4-1 of the NPLLCA.

12. Section 10-4 of the NPLLCA deals with preferential rights of shareholders, and mandates that "[w]hen the share capital is increased by a subscription of shares against payment in cash, *the shareholders have a preferential right to the new shares in proportion to the number of shares in the company they already own.*" (emphasis added). Furthermore, "[t]he shareholders' preferential right may not be set aside in the articles of association."

13. As a shareholder of American Shipping, Roth had a statutory preferential right to acquire new shares in proportion to the number of shares of American Shipping which he already owned. American Shipping's refusal to allow Roth to participate in the American Shipping Offering therefore constitutes a clear violation of §10-4 of the NPLLCA.

14. Section 4 of the Norwegian Code of Practice for Corporate Governance (the "NCPCG") mandates that "[a]ny decision to waive the pre-emption rights of existing shareholders to subscribe for shares in the event of an increase in share capital should be justified." Furthermore, "[w]here the board of directors resolves to carry out an increase in share capital and waive the pre-emption rights of existing shareholders on the basis of a mandate granted to the board, the justification should be publicly disclosed in a stock exchange announcement issued in connection with the increase in share capital."

15. American Shipping's decision to exclude Roth from the American Shipping Offering is not justified.

16. Upon information and belief, American Shipping would not have been subject to a material burden in terms of additional cost or expense by permitting non-QIB investors in

the United States to participate in the American Shipping Offering.

17. Because of Roth's status as an accredited investor in the United States, American Shipping could have, and should have, permitted him to participate under Rule 506 of Regulation D of the Securities Act of 1933 (the "Act"), which is considered a "safe harbor" for the Private Offering Exemption of Section 4(a)(2) of the Act, and which would not have been unduly burdensome to American Shipping since the ample disclosures in the American Shipping Prospectus would have been sufficient and substantially compliant under the Act.

18. Furthermore—to the extent that American Shipping claims any justification exists for waiving Roth's pre-emption rights in compliance with Section 4 of the NCPCG—American Shipping has not, as it must, "publicly disclosed [that justification] in a stock exchange announcement issued in connection with the increased in share capital.

19. Therefore, American Shipping's refusal to permit Roth's participation in the American Shipping Offering violates Section 4 of the NCPCG.

## A. Consequences of American Shipping's Actions

20. As a consequence of not being permitted to purchase shares in accordance with the terms of the American Shipping Offering, Roth's shareholdings were materially diluted by approximately 55%, and have decreased in value by approximately $750,000.

21. American Shipping wrongfully discriminated against Roth as a shareholder by not permitting his participation in the American Shipping Offering.

22. American Shipping's conduct constitutes wrongful unequal treatment under Section 5-14 of the Norwegian Securities Trading Act, and violates Sections 4-1 and 10-4 of the Public Limited Companies Act, as well as the Norwegian Code of Practice for Corporate Governance.

23. American Shipping's refusal to permit Roth to participate in the American Shipping Offering is unjustified as a matter of acceptable practice and illegal under applicable law.

## AS AND FOR A FIRST CAUSE OF ACTION

(Violation of §5-14 of the Norwegian Securities Trading Act)

24. Roth repeats and realleges each and every part of paragraphs 1 through 28 above as though fully set forth herein.

25. Section 5-14 of the NSTA mandates that "[i]ssuers of financial instruments admitted to trading on a Norwegian regulated market shall treat the holders of their financial instruments on a non-discriminatory basis," and that they "must not take measures that are liable to provide them, individual holders of financial instruments or third parties with any unreasonable advantage at the expense of other holders or the issuer."

26. American Shipping discriminated against Roth by denying him the opportunity to participate in the American Shipping Offering and thereby prevent the dilution of his shares.

27. American Shipping fully permitted Norwegian shareholders to participate in the

American Shipping Offering, thereby offering them the opportunity to prevent the dilution of their shares.

28. American Shipping provided its Norwegian shareholders with an unreasonable advantage at the expense of other shareholders, such as Roth.

29. Roth suffered damages of at least $750,000 as a result of American Shipping's discriminatory refusal to permit Roth to participate in the American Shipping Offering.

30. American Shipping's refusal to allow Roth to participate in the American Shipping Offering, while simultaneously allowing Norwegian shareholders to participate, is patently discriminatory and in clear violation of §5-14 of the NSTA.

## AS AND FOR A SECOND CAUSE OF ACTION

(Violation of §4-1 of the Norwegian Public Limited Liability Companies Act)

31. Roth repeats and realleges each and every part of paragraphs 1 through 35 above as though fully set forth herein.

32. Section 4-1 of the NPLLCA mandates that, with respect to shareholders' rights in a Norwegian corporation, "[a]ll shares carry equal rights in the company" in the absence of differences spelled out clearly in a corporation's articles of association.

33. American Shipping treated Roth's shares "unequally," by denying him the opportunity to participate in the American Shipping Offering and thereby to prevent the dilution of his shares.

34. American Shipping fully permitted Norwegian shareholders to participate in the American Shipping Offering, thereby offering them the opportunity to prevent the dilution of their shares.

35. American Shipping provided its Norwegian shareholders with an unreasonable advantage at the expense of other shareholders, such as Roth.

36. Roth suffered damages of at least $750,000 as a result of American Shipping's unequal treatment of Roth and Roth's shares.

37. American Shipping's refusal to allow Roth to participate in the American Shipping Offering was a de facto assertion that Roth's shares carried fewer—indeed unequal—rights in American Shipping, and as such is a clear violation of §4-1 of the NPLLCA.

**AS AND FOR A THIRD CAUSE OF ACTION**

(Violation of §10-4 of the Norwegian Public Limited Liability Companies Act)

38. Roth repeats and realleges each and every part of paragraphs 1 through 42 above as though fully set forth herein.

39. Section 10-4 of the NPLLCA deals with preferential rights of shareholders, and mandates that "[w]hen the share capital is increased by a subscription of shares against payment in cash, *the shareholders have a preferential right to the new shares in proportion to the number of shares in the company they already own.*" (emphasis added). Furthermore, "[t]he shareholders' preferential right may not be set aside in the articles of association."

40. American Shipping refused to treat Roth's shares "preferentially," as it was required to do under Norwegian law due to Roth's status as a shareholder in a company which was increasing share capital by a subscription of new shares, by denying Roth the opportunity to participate in the American Shipping Offering and thereby to prevent the dilution of his shares.

41. American Shipping treated Norwegian shareholders preferentially, on the other hand, by allowing them to participate in the American Shipping Offering, thereby offering them the opportunity to prevent the dilution of their shares.

42. American Shipping provided its Norwegian shareholders with an unreasonable advantage at the expense of other shareholders, such as Roth.

43. Roth suffered damages of at least $750,000 as a result of American Shipping's failure to treat his shares preferentially as required under Norwegian Law.

44. As a shareholder of American Shipping, Roth had a statutory preferential right to new shares in proportion to the number of shares of American Shipping which he already owned. American Shipping's refusal to allow Roth to participate in the American Shipping Offering therefore constitutes a clear violation of §10-4 of the NPLLCA.

## **AS AND FOR A FOURTH CAUSE OF ACTION**

(Violation of Section 4 of the Norwegian Code of Practice for Corporate Governance)

45. Roth repeats and realleges each and every part of paragraphs 1 through 49 above as though fully set forth herein.

46. Section 4 of the NCPCG mandates that "[a]ny decision to waive the pre-emption rights of existing shareholders to subscribe for shares in the event of an increase in share capital should be justified." Furthermore, "[w]here the board of directors resolves to carry out an increase in share capital and waive the pre-emption rights of existing shareholders on the basis of a mandate granted to the board, the justification should be publicly disclosed in a stock exchange announcement issued in connection with the increase in share capital."

47. American Shipping's decision to exclude Roth from the American Shipping Offering is not justified.

48. American Shipping would not have been subject to a material burden in terms of additional cost or expense by permitting non-QIB investors in the United States to participate in the American Shipping Offering.

49. Because of Roth's status as an accredited investor in the United States, American Shipping could have permitted him to participate under Rule 506 of Regulation D of the Securities Act of 1933 (the "Act"), which is considered a "safe harbor" for the Private Offering Exemption of Section 4(a)(2) of the Act.

50. Compliance with Rule 506 would not have been unduly burdensome to American Shipping, and the ample disclosures in the American Shipping Prospectus would have been sufficient and substantially compliant under the Act.

51. Furthermore—to the extent that American Shipping claims any justification exists for waiving Roth's pre-emption rights in compliance with Section 4 of the NCPCG—American

Shipping has not, as it must, "publicly disclosed [that justification] in a stock exchange announcement issued in connection with the increased in share capital."

52. American Shipping failed to justify its refusal to allow Roth to purchase additional shares in light of American Shipping's increase in share capital, by denying Roth the opportunity to participate in the American Shipping Offering and thereby to prevent the dilution of his shares.

53. American Shipping fully permitted Norwegian shareholders to participate in the American Shipping Offering, thereby offering them the opportunity to prevent the dilution of their shares.

54. American Shipping provided its Norwegian shareholders with an unreasonable advantage at the expense of other shareholders, such as Roth.

55. Roth suffered damages of at least $750,000 as a result of American Shipping's unequal treatment of Roth and Roth's shares.

56. Therefore, American Shipping's refusal to permit Roth's participation in the American Shipping Offering violates Section 4 of the NCPCG.

**WHEREFORE**, Plaintiff Roth demands judgment against Defendant as follows:

(a) For violating Section 5-14 of the Norwegian Securities Trading Act, awarding to Roth all compensatory and consequential damages in an amount as yet unknown to be determined at trial, plus interest;

(b) For violating Section 4-1 of the Norwegian Public Limited Liability Companies Act,

awarding to Roth all compensatory and consequential damages in an amount as yet unknown to be determined at trial, plus interest;

(c) For violating Section 10-4 of the Norwegian Public Limited Liability Companies Act, awarding to Roth all compensatory and consequential damages in an amount as yet unknown to be determined at trial, plus interest;

(d) For violating Section 4 of the Norwegian Code of Practice for Corporate Governance, awarding to Roth all compensatory and consequential damages in an amount as yet unknown to be determined at trial, plus interest;

(e) For the costs and disbursements incurred by Plaintiff Roth in this matter, including reasonable attorneys' fees, and for such other and further relief as may be just and proper.

**BENNETT, BRICKLIN & SALTZBURG LLC**

**BY:**______________________________
LOUIS E. BRICKLIN
1601 Market Street, 16th Floor
Philadelphia, Pennsylvania 19103
Telephone: (215) 665-3400
Facsimile: (215) 561-6661
Email: bricklin@bbs-law.com
- and –
David M. Levy (*pro hac vice* pending)
David M. Schechter (*pro hac vice* pending)
Kleinberg, Kaplan, Wolff & Cohen, P.C.
551 Fifth Avenue, 18th Floor
New York, New York 10176
Telephone:(212) 986-6000
Facsimile: (212) 986-8866
Email: dlevy@kkwc.com
dschechter@kkwc.com

Dated: New York, New York
October 3, 2014

Attorneys for Plaintiff, **AUGUST ROTH**